ADORNO & YOSS, LLP
Thomas L. Peterson (Bar No. 392,329)
1000 Vermont Avenue, NW, Suite 450
Washington, DC 20005
Attorneys For Plaintiff
Telephone: (202) 408-5700
Facsimile: (202)408-7677
tlpeterson@adorno.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA<br>FOR THE USE AND BENEFIT OF<br>JOHNSON CONTROLS, INC.<br><br>Plaintiff<br><br>Vs.<br><br>SPECIALTY CONSTRUCTION<br>MANAGEMENT, INC., and<br>NORTH AMERICAN SPECIALTY INSURANCE<br>COMPANY<br><br>Defendants. | Civil Action Number:<br><br>JURY DEMAND |

### COMPLAINT

COMES NOW, JOHNSON CONTROLS, INC. ("Plaintiff"), and files its Complaint against SPECIALTY CONSTRUCTION MANAGEMENT, INC. and NORTH AMERICAN SPECIALTY INSURANCE COMPANY, and states:

### Parties, Jurisdiction, and Venue

1.

Plaintiff Johnson Controls, Inc. ("JCI") is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business located in Milwaukee,

Wisconsin.

2.

Defendant Specialty Construction Management, Inc. has its principal place of business at 1818 New York Avenue, Suite 229, Washington, DC 20002, and its registered agent for service of process at 8524 Silverview Drive, Lorton, Virginia 22079. Defendant is a Virginia corporation conducting business within the District of Columbia.

3.

North American Specialty Insurance Company is a New Hampshire corporation conducting business in the District of Columbia, with its registered agent for service of process being Robert M. Solitro at 650 Elm Street, Manchester, New Hampshire 03101.

4.

Venue and jurisdiction are appropriate in this Court pursuant to 40 U.S.C.A. § 3133(b) since the contract at issue in the litigation was to be performed in this District. Defendant conducts business in the District of Columbia, and the events giving rise to this litigation occurred in the District of Columbia.

**FACTS AND BACKGROUND**

5.

JCI incorporates by reference allegations contained in Paragraphs 1-4 of the Complaint.

6.

San Jose Construction Group, Inc., as general contractor, entered into an agreement with the District of Columbia for the construction of the Kelly Miller Middle School at 49th Street & Brooks, NE, Washington, DC. San Jose Construction Group, Inc. contracted with Defendant Specialty Construction Management, Inc. to provide services on the construction including

installation of the HVAC system.

7.

On or about April 10, 2002, Defendant Specialty Construction Management, Inc. entered into a contract with Johnson Controls, Inc. ("JCI") for the installation of the HVAC system at the Kelly Miller Middle School (hereinafter the "Project").

8.

As a subcontractor on the Project and pursuant to the Miller Act, 40 U.S.C.A. § 3131, et seq. and the D.C. Miller Act, D.C. ST. § 305.01, et seq., Specialty Construction Management, Inc. ("Specialty Construction") obtained payment bond from North American Specialty Insurance Company, Bond No. 189827002 (hereinafter the "Bond").

9.

JCI has satisfactorily performed as required under the Subcontract. Specialty Construction has failed to make complete payments of amounts due and owing to JCI under the Subcontract.

10.

JCI has provided requests for payment and notice to Specialty Construction, the District, San Jose Construction Group, Inc., and North American Specialty Insurance Company. The parties have failed to make payment to JCI.

11.

The unpaid amount, which is due and owing to the JCI, is not less than $39,000.00.

12.

More than ninety (90) days have passed since JCI performed substantial work on the

Project.

13.

This Complaint is filed within one (1) year from the date the final work was performed on the Project.

14.

This Complaint is being filed within the statute of limitations of the District of Columbia.

## COUNT I

## BREACH OF CONTRACT AGAINST SPECIALTY CONSTRUCTION

15.

JCI incorporates by reference allegations contained in Paragraphs 1-14 of the Complaint.

16.

Specialty Construction's failure to make payments for work performed pursuant to the Subcontract with JCI constitutes a breach of contract.

17.

All conditions precedent to JCI being entitled to recover the amount sought herein have been met, have occurred, or have been waived or excused.

18.

Specialty Construction is liable to JCI for an amount not less than $39,000.00, plus interest, attorney's fees, and costs, as allowable by law.

## COUNT II

## QUANTUM MERUIT OR BREACH OF IMPLIED PROMISE

## AGAINST SPECIALTY CONSTRUCTION

19.

JCI incorporates by reference allegations contained in Paragraphs 1-17 of the Complaint.

20.

JCI supplied materials to and performed labor for Specialty Construction and at the direction of Specialty Construction.

21.

Since JCI supplied materials to and performed labor at the direction of Specialty Construction, there was an implied promise of Specialty Construction to pay for such labor and materials.

22.

The materials supplied and labor performed by JCI for the Project have been accepted and used.

23.

Specialty Construction received and accepted the benefit of the labor performed and materials supplied by JCI, but has not paid the sum due. The reasonable value of such unpaid labor and materials provided by JCI is not less than $39,000.00.

24.

Specialty Construction is liable to JCI for an amount not less than $39,000.00, plus interest, attorney's fees, and costs, as allowable by law.

## COUNT III

## ACTION ON AN ACCOUNT AGAINST SPECIALTY CONSTRUCTION

25.

JCI incorporates by reference allegations contained in Paragraphs 1-24 of the Complaint.

26.

Prior to the institution of this claim, JCI and Specialty Construction had business transactions between them whereupon they agreed to the Subcontract and the amounts due and owing therefrom.

27.

JCI presented Specialty Construction with written requests for payment and statements evidencing the sum as not less than $39,000.00 and Specialty Construction has not objected to the statements.

28.

Specialty Construction is liable to JCI for an amount not less than $39,000.00, plus interest, attorney's fees, and costs, as allowable by law.

## COUNT IV

## ACTION ON PAYMENT BOND AGAINST NORTH AMERICAN SPECIALTY INSURANCE COMPANY

29.

JCI incorporates by reference allegations contained in Paragraphs 1-28 of the Complaint.

30.

Specialty Construction has failed to make payment to JCI the amounts dues and owing under the Subcontract.

31.

North American Specialty Insurance Company as the surety on the Bond agreed to pay subcontractors that had not been paid in full for labor and materials furnished in the performance of work provided for in Specialty Construction's contract.

32.

JCI has demanded payment from Specialty Construction. JCI has provided notice to the Owner. JCI submitted notice of its claim to North American Specialty Insurance Company on or about September 8, 2005.

33.

North American Specialty Insurance Company has refused to make payment to JCI in the amount due and owing and not less than $39,000.00.

34.

North American Specialty Insurance Company has breached the terms of the Bond by failing to make payment to JCI of the amount due and owing.

35.

This suit is filed within in one (1) year from the time of completion of JCI's work on the Project.

36.

North American Specialty Insurance Company is liable to JCI for an amount not less than $39,000.00, plus interest, attorney's fees, and costs, as allowable by law.

WHEREFORE, JCI prays that it be granted the following relief:

A. That JCI have judgment against Specialty Construction under Count I in an amount not less than $39,000.00, plus interest, attorney's fees, and costs as

allowed by law;

B.  That JCI have judgment against Specialty Construction under Count II in an amount not less than $39,000.00, plus interest, attorney's fees, and costs as allowed by law;

C.  That JCI have judgment against Specialty Construction under Count III in an amount not less than $39,000.00, plus interest, attorney's fees, and costs as allowed by law;

D.  That JCI have judgment against North American Specialty Insurance Company under Count IV in an amount not less than $39,000.00, plus interest, attorney's fees, and costs as allowed by law;

E.  That this case be tried by a jury; and

F.  That JCI have such other and further relief as this Court may deem just and proper.

Respectfully Submitted, this 6th day of March, 2006

ADORNO & YOSS LLC

*Thomas L. Patterson*
Thomas L. Patterson
D.C. Bar No. 392,329
1000 Vermont Avenue, NW
Suite 450
Washington, DC 20005
Tel: (202) 408-5700
Fax: (202) 408-7677
tpeterson@adorno.com
Attorneys for Johnson Controls, Inc.

{409678.0035/A0043283_1}

Of Counsel
Tracey Walker, Esq.
Georgia Bar No. 732752
Kenneth Muhammad
Georgia Bar No.: 527907
Two Midtown Plaza, Suite 1500
1349 W. Peachtree Street, NW
Atlanta, Georgia   30309
Tel: (404) 347-8300
Fax: (404) 347-8395

{409678.0035/A0043283_1}