UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The District of Columbia f/u/b/o Johnson Controls, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Specialty Construction Management, Inc. and North American Specialty Insurance Company<br><br>Defendant. | CASE NUMBER: 1:06 CV 00413<br><br>Judge Huvelle |

## ANSWER TO COMPLAINT

Specialty Construction Management, Inc. and North American Specialty Insurance Company, through counsel, hereby file their Answer to the Complaint filed by Johnson Controls, Inc. and states in support thereof as follows, *in seriatum*:

### PARTIES, JURISDICTION AND VENUE

1. Defendants are without sufficient information to admit or deny the allegations of Paragraph 1 and therefore deny the same.

2. Defendant Specialty Construction Management, Inc. admits that it is located at 1818 New York Avenue, Suite 229, Washington, D.C. 20002. The balance of the allegations are denied.

3. Denied.

4. Paragraph 4 calls for a legal conclusion not requiring a response from Defendants. To the extent a response is required, the allegations of Paragraph 5 are denied.

### FACTS AND BACKGROUND

5. Defendants incorporate by reference its answers contained in paragraphs 1 through 4 of the Answer.

6. Admitted on information and belief.

7. Admitted.

8. Specialty Construction Management, Inc. admits that it obtained a payment bond from North American Specialty Insurance Company but denies the balance of the allegations of Paragraph 8 as calling for legal conclusions.

9. Denied.

10. Defendants admit that Plaintiff has made requests for payment but the balance of the allegations of Paragraph 10 are denied.

11. Denied.

12. Denied.

13. Defendants are without sufficient information to admit or deny the allegations of Paragraph 13 and therefore deny the same.

14. Paragraph 14 calls for a legal conclusion not requiring a response from Defendants. To the extent that a response is required, the allegations of Paragraph 14 are denied.

## COUNT I
**(Breach of Contract Against Specialty Construction)**

15. Defendants incorporate by reference their answers contained in paragraphs 1 through 14 of the Answer.

16. Denied.

17. Denied.

18. Denied.

## COUNT II
### (Quantum Meriut or Breach of Implied Promise against Specialty Construction)

19. Defendants incorporate by reference their answers contained in paragraphs 1 through 18 of the Answer.

20. Specialty Construction admits that certain materials were supplied and certain labor was performed by Plaintiff.

21. The allegations of Paragraph 21 call for a legal conclusion not requiring a response from Specialty Construction Management, Inc. To the extent a response is required, the allegations of Paragraph 21 are denied.

22. Specialty Construction Management, Inc. admits that certain materials and certain labor performed by Johnson Control were accepted and used on the project but that Plaintiff has been paid for the same to the extent it is entitled to be paid.

23. Denied.

24. Denied.

## COUNT III
### (Action on Account Against Specialty Construction)

25. Defendants incorporate by reference its answers contained in paragraphs 1 through 24 of the Answer.

26. Admitted that the parties entered into a subcontract with a stated price but the balance of the allegations are denied.

27. Denied.

28. Denied.

## COUNT IV
### (Action on a Payment Bond Against North American Specialty Insurance Company)

29. Defendants incorporate by reference their answers contained in paragraphs 1 through 28 of the Answer.

30. Denied.

31. Denied.

32. Defendants admit that Plaintiff has made demands for payment to Specialty Construction Management, Inc. Defendants are without sufficient information to admit or deny the allegations of the second sentence of Paragraph 32 and therefore deny the same.

33. Denied.

34. Denied.

35. Defendants are without sufficient information to admit or deny the allegations of paragraph 35 and therefore deny the same.

36. Denied.

**WHEREFORE**, Specialty Construction Management, Inc. and North American Specialty Insurance Company request that this Complaint be dismissed with prejudice and this Court enter such other and further relief as it deems just and proper.

## AFFIRMATIVE DEFENSES

Defendants intend to rely upon any and all affirmative and other defenses which may be available to them up to and including at the time of trial, including, without limitation, the defenses of accord and satisfaction, breach of contract, set off, lack of timely notice, lack of

providing notice, plaintiff is not a claimant under the payment bond and is otherwise not entitled to recover under the payment bond, failure to state a cause of action upon which relief may be granted, failure to file in a timely manner, assumption of the risk, discharge in bankruptcy, duress, estoppel, failure of consideration, illegality, laches, license, payment, release, res judicata, statute of limitations to the extent applicable, statute of frauds, and waiver. Additionally, the claim of Plaintiff is barred, in whole or in part, by the expiration of any applicable limitation period, contractual, statutory, under the bond, or otherwise. Defendants reserve the right to assert any and all affirmative defenses to which it may appear entitled, but of which it is presently unaware, which may be disclosed through the discovery process or otherwise during the pendancy of this matter.

        Respectfully submitted,

        SPECIALTY CONSTRUCTION MANAGEMENT, INC. and NORTH AMERICAN SPECIALTY INSURANCE COMPANY

        By counsel

        Andrew N. Cook, Esq.
        BELL, BOYD & LLOYD, PLLC
        1615 L Street, N.W., Suite 1200
        Washington, DC  20036
        Telephone:  202 955-6828
        Fax:  202 835-4118
        Email:  acook@bellboyd.com