UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The District of Columbia f/u/b/o Johnson Controls, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Specialty Construction Management, Inc. and North American Specialty Insurance Company<br><br>Defendant. | CASE NUMBER: 1:06 CV 00413<br><br>Judge Huvelle |

## LOCAL RULE 16.3 JOINT REPORT

Johnson Controls, Inc., Plaintiff, Specialty Construction Management, Inc. ("SCM") and North American Specialty Insurance Company, through their respective counsel, submit their Joint Local Rule 16.3 Report and state in support thereof as follows:

Summary of case:

This litigation was filed, in part, under the Miller Act, 40 USCA §3131, et seq., whereby Plaintiff seeks to recover monies it believes to be due and owing it for work performed in the construction of the Kelly Miller Middle School (the "Project") in Washington, D.C. in the amount of $39,000.00. Plaintiff has sued Defendant Specialty Construction Management, Inc. ("SCM") and its surety, North American Specialty Insurance Company, under the Miller Act and SCM for breach of contract. Defendant SCM claims that Plaintiff failed to timely and properly perform its work as required under its subcontract resulting in SCM being assessed backcharges and other costs incurred by the prime contractor San Jose Construction Group, Inc. in the amount of $52,780.00. SCM has retained a contract balance of $39,000.00 under its subcontract with Plaintiff and has also filed a counterclaim herein for the balance remaining of $13,780.00.

Rule 16.3 (c) Topics

1.	Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

**Response**:	At this time, the parties do not believe matters herein can be resolved by dispositive motion.

2.	The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**Response**:	The parties do not believe it necessary to join any other parties or amend the pleadings at this juncture but request that they be able to do so if during discovery new information arises which requires new parties to be added or pleadings amended. The parties therefore request that any such joining of an additional party or amending a pleading be filed within 14 days of the close of discovery.

3.	Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**Response**:	The parties do not wish to have this matter assigned to a magistrate except for a settlement conference.

4.	Whether there is a realistic possibility of settling the case.

**Response**:	The parties are uncertain at this juncture whether there is a realistic possibility of settling the case.

5.	Whether the case could benefit from the Court's alternative dispute resolution procedures (or some other form of ADR); what related steps should be taken to facilitate such

ADR; and whether counsel have discussed ADR and their response to this provision with their clients.  In assessing the above, counsel has considered:

 (i) the client's goals in bringing or defending the litigation;

 (ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement;

 (iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:

  (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

  (bb) whether ADR should take place before or after the judicial resolution of key legal issues;

 (iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

 (v) whether cost savings or any other practical advantages would flow from a stay of discovery or other pre-trial proceedings while an ADR process is pending.

 **Response**: The parties believe, after consultation with their clients, that nonbinding mediation or a settlement conference may facilitate settlement of this case.

 6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

 **Response**: At this time, the parties do not believe that this case will be resolved by summary judgment or motion to dismiss.

7. Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if no, what changes should be made in the scope, form or timing of those disclosures.

**Response**: The parties believe that they should not dispense with initial disclosures and that those disclosures should be exchanged as required under the Court's Standard discovery track.

8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**Response**: The parties agree to this Court's Standard track and do not see a need for a protective order at this juncture.

9. Whether the requirement of exchange of expert witness reports and information pursuant to F.R.Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.

**Response**: The parties believe that reports and depositions of experts should occur within the Standard track period for depositions.

10. This item pertains to class actions, not relevant to this litigation.

11. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

**Response**: The parties do not believe the proceedings should be bifurcated or managed in phases.

12. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

**Response**: The parties believe that a pretrial conference should be held 60 days after the close of discovery. That date will depend on the track approved by the Court.

13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

**Response**: The parties believe that a firm date for the trial should be set at the pretrial conference.

14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

**Response**: As indicated herein, the parties believe the Court's Standard track for discovery is most appropriate for this case. The parties will make initial disclosures as required under the Standard track.

        Respectfully submitted,

        BELL, BOYD & LLOYD PLLC

        By _____/s/_____
            Andrew N. Cook (#416199)
            1615 L Street, N.W., #1200
            Washington, DC  20036
            Telephone:    (202) 955-6826
            Facsimile:    (202) 463-0678
            Attorneys for
            Defendants/CounterPlaintiffs
            Email:  acook@bellboyd.com

                                           ADORNO & YOSS LLC

                                           By _____/s/_____
                                                  Thomas L. Patterson (393329)
                                                  1000 Vermont Avenue, N.W.
                                                  Suite 450
                                                  Washington, D.C.  20005
                                                  Telephone:    (202) 408-5700
                                                  Facsimile:     (202) 408-7677
                                                  Attorneys for   q
                                                  Plaintiff/CounterDefendant
                                                  Email:  tpeterson@adorno.com

92999/F/1